Eastern District of Kentucky
**FILED**

**JUL 2 0 2005**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-15-KSF

AUDRY COLLINS                                          PLAINTIFF

V.                           **OPINION & ORDER**

DRESSER, INC. PENSION PLAN FOR                        DEFENDANT
THE UNITED PAPERWORKERS INTERNATIONAL
UNION, AFL-CIO, LOCAL NO. 7399,
INSTRUMENT DIVISION, BEREA, KENTUCKY

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the plaintiff Audry Collins's motion for judgment

[DE #5] and plaintiff's motion to supplement the administrative record [DE #9]. Having been

fully briefed, these matters are ripe for review.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Audry Collins, presents claims under the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Collins is a 35-year employee of

Dresser, Inc. ("Dresser"). She is eligible to receive benefits under Dresser, Inc. Pension Plan for

the United Paperworkers International Union, AFL-CIO, Local No. 7399, Instrument Division,

Berea, Kentucky (the "Plan").

The Plan received Collins's application for benefits on August 1, 2003. Collins

submitted a statement from her attending physician, William Greene, M.D., indicating that she is

unable to work because she has ankylosing spondylitis, a progressive genetic disease that leads to

fusion of the vertebrae. (AR 3). Collins's medical records over the years chronicle the decline

in her heath due to this disease.

After the Plan received her request, it submitted her records to a reviewing physician, Robert Conte, M.D. The Plan's reviewing physician responded by stating that Collins's condition may become disabling at some point, but that he needed evidence of her current medical condition in order to opine as to whether or not she is currently disabled as defined by the Plan.

On September 11, 2003, the Plan sent Collins a letter stating that she needed to provide evidence of her current condition. In response to the Plan's request, Collins's counsel directed the Plan to obtain the information from the Social Security Administration (SSA) since Collins had already applied to the SSA for Social Security Disability Insurance (SSDI) benefits. The Plan timely requested the SSDI file, but did not receive the information from the SSA until March 4, 2004. The information that the Plan received from the SSA was reviewed by Dr. Conte.

On January 13, 2004, Collins instituted a separate cause of action against the Plan before this Court. *See Audry Collins v. Dresser, Inc. Pension Plan*, Civil Action No. 04-013, United States District Court, Eastern District of Kentucky, Lexington Division (the "Initial Action"). When Collins filed her complaint in the Initial Action, the Plan had yet to make a determination as to Collins's benefits application.

After receiving a copy of the complaint in the Initial Action, the Plan arranged for an independent medical examination for Collins with an independent orthopaedist, Thomas Menke, M.D., located in Lexington, Kentucky. Dr. Menke found that Collins was "positive for arthritis, diagnosed by Dr. Kelly Cole, with ankylosing spondylitis, severe degenerative disc disease and

2

scoliosis."(AR 206). With regard to her limitations, Dr. Menke concluded, "I do not believe she could return to her old job as it has been described to me. . . . The restrictions I would place on her would be no overhead work, working only from waist height to shoulder height, no lifting over 10 pounds and no repetitive motion." (AR 207). Dr. Menke concluded that Collins could return to work with these restrictions.

On April 2, 2004, the Plan informed Plaintiff that her application of benefits was denied. This letter specifically informed Collins of her Plan provided right to appeal the denial decision. The deadline for Collins to appeal the denial of her benefits pursuant to 29 U.S.C. § 1133 was 180 days after the April 2, 2004 initial denial letter.

In an opinion and order dated October 29, 2004, this Court concluded that Collins's Initial Action should be dismissed without prejudice because Collins had failed to exhaust her administrative remedies prior to commencing her lawsuit. Approximately one month after the Court's issued its opinion and order, on November 29, 2004, Collins appealed the denial decision. The Employee Benefits Committee (the "Committee"), the Committee charged with the responsibility of construing and interpreting the Plan, reviewed the administrative record and issued a letter to Collins on January 7, 2005. In the letter, the Committee stated that the appeal was denied because: (1) Collins's request for appeal was not made in accordance with the Plan provided 180 day deadline; and (2) regardless of whether Plaintiff's appeal had been filed timely, the medical evidence in the record did not indicate that Collins was totally and permanently disabled.

## II.    STANDARD OF REVIEW

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the United States

3

Supreme Court held "that a denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." When the benefit plan gives the plan administrator discretion, the decision is to be reviewed under an arbitrary and capricious standard. *Id.*

The Plan in the present action is funded by Dresser and is administered by a Committee appointed by Dresser. The Plan provides:

> The Committee shall have such duties and powers as may be necessary to discharge its duties hereunder, including, but not by way of limitation the following:
> (a) to construe and interpret the Plan, decide all questions of eligibility, and determine the amount, manner and time of payment of any benefits hereunder;

Here, the Plan gives the Committee, appointed by Dresser, authority to determine eligibility and to construe and interpret the Plan. This language constitutes a clear grant of discretionary authority to Dresser, triggering application of the arbitrary and capricious standard of review.

The United States Court of Appeals for the Sixth Circuit has determined that "the arbitrary and capricious standard is the least demanding form of judicial review of administrative action." *Williams v. International Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000). Under the arbitrary and capricious standard, a plan administrator's decision must be upheld if it is "rational in light of the plan's provisions." *Id.* (citing *Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir. 1988)). "When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Id.*

In Collins's motion to supplement the administrative record, she asserts that the arbitrary

4

and capricious standard of review should not be used because of an alleged conflict of interest that exists by virtue of the facts that the Plan was underfunded as of May 1, 2003. A conflict of interest, if present, does not "alter the standard of review." *Peruzzi v. Summa Med. Plan,* 137 F.3d 431, 433 (6th Cir. 1998). A reviewing court, however, is required to take a conflict into account in determining whether a decision is "arbitrary and capricious." *University Hospitals v. Emerson Elec. Co.*, 202 F.3d 839, 846 (6th Cir. 2000). This requirement applies only where there is "significant evidence" that the insurer was motivated by self-interest. *Peruzzi*, 137 F.3d at 433.

Collins seeks to supplement the administrative record with the underfunding notice in order to establish a conflict of interest. Defendant has provided evidence, in the form of an affidavit of a Committee member, Peggy J. Banczak, stating that the Committee had no direct knowledge that the Plan had ever been underfunded when the January, 2005 decision to deny Collins's benefits was made. Thus, there does not appear to be "significant evidence" that the Committee decision was motivated by self-interest. Accordingly, the Court will deny Collins's motion to supplement the administrative record.

## III. MOTION FOR JUDGMENT

To determine whether the Plan administrator's decision to deny long-term disability benefits to Collins was rational in light of the Plan's provisions, it is necessary for the Court to look at the specific provisions at issue in the Plan. "Total and permanent disability" is defined by the Plan as: "a bodily injury or disease, which prevents the Participant from engaging in any gainful employment for remuneration or profit, and which can be expected to continue for the balance of the Participant's lifetime."

5

The Plan also defines a Participant's duty :

> A Participant applying for a Disability Pension Benefit shall submit
> to the Employer a written request for a Disability Pension Benefit
> and furnish such medical evidence as the Employer may reasonably
> require to enable the Employer to make a determination as to the
> existence of Total and Permanent Disability with respect to such
> Participant.

Accordingly, the Plan required Collins to provide medical evidence that she was unable to

engage in any gainful employment for remuneration or profit, and which can be expected to

continue for the balance of the her lifetime.  The Plan administrator's decision can only be

considered arbitrary and capricious if it is not rational in light of these provisions.

In the denial letter, the Committee explained that Collins's appeal was denied for two

reasons: (1) her request for appeal was not made in accordance with the Plan provided 180-day

deadline of which Collins had been specifically informed in the initial denial letter; and (2)

regardless of whether Collins's appeal had been filed timely, the medical evidence in the

Administrative Record does not indicate that Collins is totally and permanently disabled.  The

Court finds that the decision to deny disability benefits was not arbitrary or capricious because a

reasoned explanation, based on the medical evidence, supports the determination that Collins is

not totally and permanently disabled as defined by the Plan.

A.     **Social Security Administration Decision**

Collins argues that the Committee acted arbitrarily and capriciously by not giving greater

weight to the SSA's grant of disability benefits.  "[A]n ERISA plan administrator is not bound by

an SSA disability determination when reviewing a claim for benefits under an ERISA plan. As

the Supreme Court noted . . . , entitlement to Social Security benefits is measured by a uniform

set of federal criteria. But a claim for benefits under an ERISA plan often turns on the

interpretation of plan terms that differ from SSA criteria." *Whitaker v. Hartford Life & Accident*

*Ins. Co.*, 404 F.3d 947, 949 (6th Cir. 2005). Although Collins was granted SSA benefits, the

Committee was not bound by the SSA's determination. The Committee's decision was based on

of the Plan definition of "total and permanent disability." The SSA concluded only that Collins

"was disabled under our rules." (AR 2). Thus, the Committee did not have to rely on the SSA's

determination when deciding whether Collins qualified under the Plan's definition of "total and

permanently" disabled.

### B.      Medical Evidence

The Plan obtained opinions from an independent physician, Dr. Conte, who reviewed

Collins's medical records. More importantly, the Plan obtained an independent medical

examination of Collins from an independent orthopaedist, Dr. Menke. In her reply brief, Collins

admits that Dr. Menke's restrictions are entirely consistent with those suggested by her treating

physician, Dr. Greene. Dr. Menke found that the applicable restrictions to Collins would be "no

overhead work, working only from waist height to shoulder height, no lifting over 10 pounds and

no repetitive motion." Collins complains, however, that Dr. Menke made no findings to the

effect her medications would have. Contrary to Collins's assertions, Dr. Menke's report does

list the numerous medications Collins is taking. Although the report does not explicitly state the

effects of these medications, one would assume that he considered these medications when

listing the restrictions on Collins. Since Collins is able to perform work under the restrictions

placed on her by Dr. Menke, she does not meet the Plan's definition of "total and permanent

disability." A plan administrator's determination is not arbitrary or capricious when a reasoned

7

explanation, based on the evidence, supports that determination. *Williams v. International Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000). Since the Committee's decision was based on medical evidence in the record, the Court will not disturb the Committee's denial of benefits.

Collins also contends that the Committee should have given greater weight to the opinion of her treating physician, Dr. Greene, and failing to do so renders the decision arbitrary and capricious. Treating physicians' opinions are not entitled to any sort of deference in ERISA determinations. *Black & Decker Disability Plan v Nord*, 538 U.S. 822, 834 (2003). Accordingly, the Committee did not acted arbitrarily and capriciously by not according special deference to the opinion of Collins's treating physician.

The Court finds that the decision to deny benefits was not arbitrary and capricious because a reasoned explanation, based on the medical evidence, supports the conclusion that Collins is not permanently and totally disabled. Therefore, the Court will deny Collins's motion for judgment.

## IV.   CONCLUSION

For the foregoing reasons, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1)    the plaintiff's motion for judgment [DE #5] is DENIED;

(2)    the plaintiff's motion to supplement the administrative record [DE #9] is DENIED; and

(2)    judgment will be entered in favor of the defendant contemporaneously with this opinion and order.

This 20th day of July, 2005

KARL S. FORESTER, SENIOR JUDGE